237571 which is Louis Peters versus Eastman Kodak Company. Good morning your honors, Lee Rudy for the appellants. In granting Kodak's motion to dismiss, the district court misapplied the New Jersey statute, failed to follow the Halabian decisions, and resolved material disputes of fact in defendant's favor. I'm going to talk first about our allegations relating to the Akin-Gump conflict, and then about Akin-Gump's false statement that Continental's June trades were, quote, pre-cleared in accordance with company policy. As to Akin-Gump, our allegations were more... The structure is confusing, but it does seem like you argued that the district court should find fact. Do you disagree with that? I don't disagree that we asked the district court to make factual determinations. The question is whether a factual determination means applying the statute, which is what we submit that it means. My colleague at Oral Argument didn't use the magic words genuine issue of material fact, but it was quite clear that he was saying apply the New Jersey statute and to look at our allegations and weigh them against the companies that the company had come forward and its factual proof. So I think, your honor, the waiver rule requires a knowing, intelligent, unambiguous waiver of a known legal right. What if we think about it as an abandonment or forfeiture or some other version? Sure. Well, I don't think the defendants come anywhere close to establishing that. I respect the question. The defendants were arguing at the district court that the court was not entitled to make any factual determinations at all, that any factual determination was needed to be remanded for a trial. And my colleague at the district court was suggesting to the court that this was a one-shot deal, that the court was supposed to apply the New Jersey statute, which very clearly requires us only to come forward with well-pled allegations and to measure that against what Kodak had come forward in its submission. Well, I mean, one of the things that I think is going on is that the federal rules of civil procedure don't sit particularly easily with the substantive state law standard here. And I'm thinking about perhaps useful analogies. Is one maybe where a court will find jurisdictional facts following limited discovery before the commencement of litigation? Is that similar? Is that something useful or helpful? Well, the court asked whether this was a jurisdictional question. I mean, the question is really about the stockholder's standing to prosecute the claims. That's what the New Jersey statute is about, is whether if the corporation comes forward with sufficient facts and the plaintiff is unable to rebut those facts with well-pled allegations, then the stockholder does not have standing to go forward. But I think this is kind of a sui generis statute. The statute, as the Halabian decisions make clear, doesn't neatly fit within the Rule 56 framework. But I think what the Halabian decisions instruct and what the statute says is that the plaintiff needs to come forward with well-pled allegations relating to good faith, reasonableness, and independence. So let's follow that. Let's put aside the waiver issue for one second, just following that logic. It strikes me that the New Jersey statute, let's put it in its native habitat. Let's forget about being a federal court and Erie issues and Rule 56 procedure. I just want to understand how the statute functions. You get to the point where everybody agrees that there was an adequate showing of independence, and so then we get to this next question of the court shall dismiss the suit unless it finds that the requirements have been met or the plaintiff comes forward, has alleged with particularity facts, rebutting the facts contained in the corporation's file, right? That's right. If the plaintiff does that, what's your view as to what happens next under the statute? The motion is denied, and the case then proceeds on the merits. But if the issue presented under this New Jersey statute is who owns the litigation, you're saying that all that a non-Board of Directors plaintiff, you know, shareholder plaintiff has to do in order to essentially own litigation on behalf of the corporation is raise a genuine issue of fact, and at that point they're entitled to run the litigation. That's right. There's never a determination as to whether or not there was, in fact, good faith reliance on this report. If they call it into question, they get to own the litigation. If you call it into question with well-plaid facts that raise a genuine issue of material dispute, which I think we've done, just to back up from it, Your Honor, the statute is really designed to screen out frivolous lawsuits. That's what the company owns derivative claims. And so if the company doesn't want to prosecute a claim, it shouldn't have to do it unless it – if it follows this procedure. But it needs to follow it to the T. It needs to use independent people, independent counsel, and it needs to follow the facts. Okay, but we don't – but raising a genuine issue as to whether it's done that doesn't establish that it hasn't done that. And that's what I'm trying to – your view feels very puzzling to me because I understand your view on appeal to be that once you raise a genuine issue, there's no further consideration of the question, which is a big departure from the summary judgment standard that you're relying on, right? Because normally when there's a genuine issue, the next step is to have a method for resolving it. That's right, but this is an unusual statute with Second Circuit guidance on how it should apply. And the – I see I'm eating into my rebuttal time, Your Honor. No, but Halbion doesn't answer that question, does it? Halbion doesn't – it says 56 is the closest analog. Right. Presumably we apply 56. And what – I don't think it answers what then if there is a genuine issue. That's right. No, it doesn't speak to what happens if the corporation – if the plaintiff's allegations are sufficient to overcome the corporation's submission. I think – but the statute speaks about a motion being filed and either granted or denied. Yeah. So the motion is – and it's pretty clear what under 5B, what the plaintiff needs to do to survive that motion. Right. But there are procedural elements embedded in the language of the New Jersey rule, which is a substantive rule. And, of course, we are using federal procedure. And so we're still – it still has a little bit of a square peg round hole feeling to it. I agree with you that there is no case law that makes clear what is supposed to happen. I think it does not shock me. I don't think it should shock this court that if a corporation comes forward with certain facts and the plaintiff makes reasonable allegations to call those allegations – those facts into doubt, that that corporation's effort to dispose of the lawsuit without any sort of finding on the merits is denied. And then you get to litigate like any other case. You go to the merits.  Yeah. I mean, this is a very unusual situation where a corporation's insiders get to form a committee and figure out whether a case gets thrown out. There's nothing really like it in the law where a board of directors gets to do that. Well, it's a corporation's independent insiders, right? I'm sorry? It's a corporation's independent insiders. It makes a point of trying to – If you have independent insiders, but then you also need independent counsel to do your study in good faith. And I think the allegations we've raised more than call to question, when you have counsel with a long history of connections with the main target of the investigation, that that's not a good faith independent investigation. How much does the second special committee change the calculus? I don't think it changes it at all, Your Honor. The second committee spent two weeks looking at this. It's never stated explicitly, but it's pretty clear the reason they formed a second committee was because the plaintiffs had made allegations about Akin Gump's independence. Right, but I don't know – I mean, there's a different way that that could cut for you, right? It's like the idea that leaving aside whether or not there were problems with the first, we're going to do a second. Yes. And why isn't whatever they did sufficient to cure whatever ills there were of the first? Well, because the second committee took the information from Akin Gump's investigation, didn't do any interviews, any of its own investigation. Let me ask a different question. If the second committee had done exactly what they did as a first committee, like same group of people, same level of summarizing and reviewing what other people had done, would that have violated the good faith and reasonableness, or would it have been like an edge case where we would have ultimately said it was enough? It would have been a much closer call because all of our independence allegations about Akin Gump would not have been – So you're actually saying the fact that they did a second one puts them in a worse position than had they not done it as a lawyer? No, I'm not saying it's in a worse position. Because if you just said that the second one would have been close if that had, in fact, been the first one, then why wasn't the fact that there was a second one only bolster or buttress? First of all, there's no incident in any case relating to this area of law where there's been a second committee. Where does it end? I mean, a second committee – if this court said your motion is – the motion is denied, move forward into the merits, could they form a third committee? The second committee – this is supposed to be a one-shot deal. The Delaware cases that speak to this, all the other states have spoken to this. I found no examples of a second committee coming in to redo the work of a first committee. Crowell also, though, did at least disclose when it – our main good-faith point is the preclearance of Continenza's trades that was described, we say, falsely, and I think admittedly falsely. Crowell came in and at least disclosed that although there was supposed to be a written preclearance, it was not written. So it does not prejudice – it did not prejudice them to do a second committee, but this court should not endorse a regime in which you could have seriatim special committees coming in when issues are raised about the first and the second and the third. Okay. Unless my colleagues have further questions, we're going to get to hear from you again. So why don't you take a seat and we'll hear from Attorney Lovell.  Good morning, Your Honors. This is Kristin Lovell on behalf of Stephen and Eppeli Eastman Kodak Company. I'd like to address the points that Your Honors have raised with my friend on the other side. First, waiver. My friend said that there was not over a waiver, but I point this court to page 24 of our opening brief, where we list at least five times where plaintiff's counsel told the district court expressly that the district court was required to make factual findings under the NJVCA. So if Your Honors look at page A588 of the appendix, plaintiffs told the district court, quote, the NJVCA explicitly requires a finding of facts by the court. At page 590, again, quote, the statute requires the court to make a finding based on the evidence that is currently before the court. In the district court dealing with an admittedly unusual state substantive statute, they diligently asked the plaintiff's counsel, so, quote, I would make factual findings that the plaintiffs have proven what they have to prove under the terms of the statute, and that's at page A590. So the district court confirmed with the district court, this is the epitome of waiver, Your Honors, and I think that this court can decide the case on that alone. Can I ask? I feel like it was interesting to read that transcript. I think everybody was a little confused because I do think the statute sort of drops off. It's sort of like it's saying this, this, and this, and then it doesn't tell you the next step.  As I read the transcript, early in that conversation, Kodak took the position that if there's a genuine dispute of fact, if the plaintiff presents enough to create an issue of fact, then it would have to be tried theoretically in front of a jury if there was a jury demand here. Later in the discussion, it seems that Kodak's taking a different position as to what happened. So now, what is your view, just looking at the statute, of what the statute contemplates as the consequence of there being an issue of fact? Sure, Your Honor. We don't think that it should go to a jury, and to be clear, that conversation was in response to a hypothetical posed by the district court to Kodak's counsel about theoretically if plaintiffs had made a jury demand, what should happen in that case, and Kodak's counsel was answering that hypothetically, but we don't think it should go to a jury. We think that the statute makes clear that the fact finder is the court, that there is an opportunity for limited discovery, which plaintiffs had the opportunity to do and could have taken advantage of, and that at that point, it is the court who acts as the fact finder under the terms of the statute and decides whether or not Kodak's board acted reasonably and in good faith in deciding not to pursue the case. Are you saying that that happens after summary judgment if there is a genuine issue, or are you saying that happens as part of summary judgment? That happens as part of what is a unique summary proceeding under the NJVCA. So the NJVCA doesn't contemplate some intermediate step like summary judgment, like Rule 36. It says it's called, quote, dismissal of action upon certain findings, and Section 1 says that a derivative proceeding shall be dismissed if the court finds. So the first thing that the NJVCA contemplates is that there should be a finding and We already know from Halvion that we're under Rule 56. Yes, Your Honor. Right, and I mean, there is an eerie issue lurking in here, but I think because Halvion tells us we're under Rule 56, 56 is on point. Rule 56 doesn't violate the Rules Enabling Act. We apply Rule 56. We don't apply New Jersey procedural law. What we do apply, though, is New Jersey substantive law, and everybody can see that this is a substantive statute that establishes particular rights. And so to the extent that there is any conflict or to the extent that one is trying to determine what the requirements are, one has to look to the statute itself and what it requires. But telling a judge to make factual finding at summary judgment is not substantive law. I think that what the statute does, however, is it establishes the instances in which a plaintiff has the right to take control of a corporation's claims. And it is provided that that right takes place where a corporation has not diligently, has not earnestly investigated claims. And what the statute tells the district court is that there is a particular way in which it makes that determination in which that right is established. And that right is established based on limited discovery and based on a determination of whether plaintiffs in this case have actually rebutted the facts submitted by CODAC because everybody can see that they actually have the burden to do so. And, Your Honors, I would also point out that everybody understands this should be a threshold determination. And plaintiff's view doesn't really make sense. What plaintiffs are trying to say is that they simply raise a question as to whether or not the board diligently and reasonably investigated the claims. And if they just raise that question mark, then the plaintiffs get to take control of the claims from the corporation. The corporation owns those claims. And that the plaintiffs can then go to the mayor on them. That isn't found under Rule 56. Rule 56 doesn't contemplate that an individual will be able to, a party will be able to raise a question of fact and then go straight to the mayor. And that isn't found under the NJBCA itself. So, Your Honor, I think that here there is no reason for this court to follow the plaintiff's view, which would be a radical departure from the way that these statutes are understood and the understanding that this must be a threshold determination. And even if, Your Honor, we were to follow Rule 56's on this matter and say that there has to be first a determination of whether there is a genuine dispute of material fact and then a determination as to whether or not a fact finder should actually determine what happens there, in that case it would just be a repeat of what the district court has already done. The district court has made the finding. Well, it's not exactly a repeat. The district court found the facts. What you're saying is affirming the alternative that there is no genuine issue as to lack of independence and good faith and reasonableness, right? Your Honor, yes. This court could affirm the alternative that there is no actual genuine dispute of fact. If you look at what plaintiffs actually have submitted, they submitted an unverified and inadmissible answer. And the district court, I think, correctly determined that that was not enough to rebut three sworn declarations to the contrary on the one factor of dispute which is at issue, which is whether Contenanza was represented by Aiken in his negotiations with the White Energy Board, which, by the way, Your Honor, also is not legally material to the question of Aiken's conflict because that matter was an entirely unrelated matter that has nothing to do with the challenge transactions here. So there are many ways that this court could get to an affirmance of the district court's determination, including, as Judge Perez was asking my friend on the other side about, the fact that there was, in fact, a second committee. I'm sorry. Can I ask a question about that? Sure. I think your view is that even if Contenanza actually retained Aiken Gump personally in the past, which I know you're disputing that, is your position that it wouldn't make a difference in how we decide this case? Your Honor, in this case it wouldn't make a difference because the alleged representation was with respect to an entirely different matter. It was the negotiations with the board of a different company. There's no allegation that there's any relation between that matter and this matter. So if you look at the 11th Circuit's decision, Stewart, or the 7th Circuit's decision, Lillinger. Would you say that in regarding PSE&G is on all fours? Because wasn't that matter the law firm representing the company, as opposed to in this case it's an allegation that somebody was personally represented? Your Honor, in PSE&G that I think is on all fours with the brief representation of Contenanza. But then is it a question of fact to determine what means brief? Is that a law question or a fact question? Your Honor, I think that the question whether something was brief would be a fact question. But there's no dispute here that with respect to the brief dual representation, that was with respect to the Tang matter, and that that was brief before any substantive work took place. There's no dispute of fact over that. With respect to the White Energy Board, that is the only actual dispute of fact. And the question there is whether it could actually represent Contenanza at all in that instance. And even this court in the Halpert decision in 2008, so that even if someone actually did represent the target of an investigation, if a law firm did so, there had to be even more indices of kind of loyalty or allegiance to the target in order to rise to the level of conflict. And that simply is not what has been alleged in this instance. Can you respond to your colleague's argument about an endless number of special committees? Like what role do you think the second special committee does in terms of the decision for us? Sure, Your Honor. I think it's important to understand that what courts are looking for under the NJDCA is whether a corporation's board has acted earnestly and diligently in investigating claims. And when a board sees new claims come up in an amended complaint, which is what happened here, and says, you know what, let's get together a second committee and let's hire a second independent law firm in order to investigate those claims, that is the epitome of an earnest investigation and the opposite of the type of gross negligence that courts are typically looking for in this instance. So I don't think that that could actually be sort of knocked for having actually taken plaintiff's claims so seriously that they actually put together an entire second committee and second law firm to investigate. Thank you. I appreciate it. We'll hear from Mr. Rudy. Thank you. I'm full of court's time. I'll try to be brief. First of all, the second committee was not formed based on the discovery of new facts. It was a do-over. There was nothing that prompted that. There's nothing in that report that would lead to the conclusion that it was formed because new factual allegations were alleged. The company had all the facts. We didn't give them anything that they didn't already have in their possession. Second, as to the preclearance point, in PSANG, as my colleague just said, the court wrote, a special committee's process should be such that a reviewing court can look to it and conclude confidently that it reflects a corporation's earnest attempt to investigate a shareholder's complaint. I don't think that that standard has been met here. In White Energy, just briefly, my colleague repeated again a false conclusion that the district court reached that as to White Energy, our allegations were simply based on an unverified answer by Mr. Contenanza. That was not true. It was based on the verified complaint of a fellow board member and his answer to that, which was not verified. And it seems to me that the district court just didn't credit it. It's not like they didn't read it, right, when they were weighing the evidence. The court concluded that it was factually, that it was mistakenly submitted. And that required a weighing of our allegations, which were well pled based on court files, against five years later submissions that we detailed why they don't actually say what they say they say. And the court, I don't think, in that summary proceeding, was legally authorized to disregard a verified pleading by a fellow board member, Mr. Contenanza, that said Aiken Gump represented him and Mr. Contenanza then saying contemporaneously Aiken Gump represented me. And the court then says, well, we have these affidavits from five years later. We're going to just decide it was like that was a mistake. That's not what the court is supposed to do on this summary proceeding. That was the definition of a well pled allegation. Finally, just on whether PSE&G is on all fours. It's not on all fours. In PSE&G, the claim that was being investigated was a duty of care violation. The court said there's nothing in the record to convince us that the directors had divided loyalties or stood to receive any kind of personal gain. Quote, no allegation of self-dealing. That's what the facts of PSE&G. Here we have specific allegations of self-dealing. Also in PSE&G, the court said we are aware of no facts that would lead us to conclude that the Kasowitz firm had a disabling conflict that would have tainted its investigation. The only thing that was at issue in PSE&G with counsel was their brief representation of the defendants after litigation was filed. Here, Aiken Gump represented Kodak, Andy, and Mr. Gotteninza for 10 months, made 16 filings on his behalf, while at the same time serving as investigative counsel, while also having a prior relationship representing Mr. Gotteninza in litigation, while also having been retained by nine companies that Mr. Gotteninza chaired. That's an unusual aggregation of facts. I think we have your arguments. Thank you. Thank you very much. I appreciate it. We'll argue it on both sides, and we will take it under advisement. Thank you.